IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

ERNEST STUBBLEFIELD,            )
                                )
        Plaintiff,               )
                                )
v.                              )      No. 3:12-cv-772
                                )
D. HALL, Sheriff, *et al.*,     )      Judge Campbell
                                )
        Defendants.              )

## MEMORANDUM OPINION

Plaintiff Ernest Stubblefield, an inmate detained at the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed his *pro se* complaint (ECF No. 1) based on alleged violations of his constitutional rights by jail officials. He proceeds *in forma pauperis*. His complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court finds that the complaint states a colorable claim under § 1983 for deprivation of rights guaranteed by the United States Constitution. His claims will, at this stage, be allowed to proceed.

### I.    FACTUAL ALLEGATIONS

The complaint names the following individuals as defendants: (1) Davidson County Sheriff Daron Hall; (2) Officer Jimmy Hale; (3) Warden Leibach; and (4) Program Director Terry Kinneman.

The plaintiff alleges that he is a minimum security, low-risk inmate held in pretrial detention. He asserts that on January 24, 2012, he was placed on "Kilo Unit" in the "RDAP program." (ECF No. 1, at 6.) He asserts that every day after that placement, he requested to go outside for outdoor recreation, but for seven weeks he was denied outside recreation. He asserts that under local, federal and state law, regardless of his custody or security level, he is entitled to forty-five minutes of outdoor recreation per day, weather permitting. He claims that even inmates held in segregation are allowed to go outside five days a week, regardless of the weather, and that the inmates on every other housing unit in the jail have "small" recreation outside on a daily basis. "K" or "Kilo" unit is a program unit. The inmates in that unit spend an hour in group each morning and another hour in group in the evening, but the rest of the time they are required to be in their cells, on their bunks. They are not even allowed to stand at the doorway of their cell. The plaintiff asserts that these conditions violate his Eighth Amendment rights.

He asserts that defendants Leibach, Hale, and Kinneman are liable based on their implementing or condoning a policy that denies prisoners the right to outside recreation. Sheriff Hall is presumably named in his official capacity only, as being in charge of a program that denies prisoners their constitutional rights.

For relief, the plaintiff seeks a review of the policy denying outdoor recreation to inmates on the K unit, which the Court construes as a request for injunctive relief. The plaintiff also seeks monetary damages from each defendant for each day he has been denied outside recreation.

## II. STANDARD OF REVIEW

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court must dismiss any portion of a civil complaint that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS AND DISCUSSION

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); West v. Atkins, 487 U.S. 42, 48 (1988). The individuals

named as defendants are all officials employed at a county detention center and are therefore adequately alleged to be government officials acting under color of state law. The next question posed by the plaintiff's allegations is whether he adequately alleges the deprivation of a right secured by the United States Constitution.

The plaintiff's claims are based on the conditions of his pretrial detention. The Eighth Amendment forbids the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. Because the Cruel and Unusual Punishments Clause "is concerned" with punishment by the state "after it has secured a formal adjudication of guilt in accordance with due process of law," *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977), it does not apply to pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). However, state pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause, *see, e.g.*, *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), which provides similar if not greater protections than the Cruel and Unusual Punishments Clause. *County of Sacramento v. Lewis*, 523 U.S. 833, 849–50 (1998); *Bell*, 441 U.S. at 545. For the sake of simplicity, the Court will refer to the Eighth Amendment in the following discussion.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; [these] officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). An Eighth Amendment conditions-of-confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotation marks and citations omitted). Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991)).

Under these principles, the amount of exercise that an prisoner is provided need only comport with the "'minimal civilized measure of life's necessities.'" *Walker v. Mintzes*, 771 F.2d 920, 925 (6th Cir. 1985) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A total denial of recreational opportunities may

violate the Constitution. *Walker*, 771 F.2d at 927–28. The Sixth Circuit has not defined a minimum standard for recreation for adult prisoners. *Rodgers v. Jabe*, 43 F.3d 1082, 1087–88 (6th Cir. 1995). The deprivation of sunshine and fresh air may violate the Eighth Amendment. *See Comer v. Stewart*, 215 F.3d 910, 916 (9th Cir. 2000); *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995).

Because it appears that deprivation alleged in this case may only have endured several weeks, it is unclear whether the deprivation was "serious" enough to implicate the plaintiff's constitutional rights. For purposes of the initial review, however, the Court finds that the allegations state a serious enough deprivation to be permitted to proceed. Construed liberally, the *pro se* complaint alleges that the defendants authorized, acquiesced in, and/or implemented the alleged unconstitutional policies prohibiting the plaintiff from outdoor exposure and exercise on a regular basis. The Court therefore finds that the plaintiff has stated a colorable conditions-of-confinement claim under the Eighth Amendment.

Accordingly, an order will enter directing service of process on the defendants.

Todd Campbell
United States District Judge