IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERNEST D. STUBBLEFIELD )
)
v. ) NO. 3:12-0772
)
DARON HALL, et al. )

TO: Honorable Todd J. Campbell, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered August 21, 2012 (Docket Entry No. 9), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 37) of Defendants Daron Hall, Jimmy Hale, Terry Kinnaman, Blair Leibach, and Corrections Corporation of America. By Order entered February 19, 2013 (Docket Entry No. 49), the plaintiff was notified of the motion and given a deadline of March 29, 2013, to file a response. By Order entered March 29, 2013 (Docket Entry No. 56), the Court extended the plaintiff's response deadline to May 10, 2013. However, the plaintiff has not filed a response in opposition to the motion. Set out below is the Court's recommendation for disposition of the motion.

# I. BACKGROUND

The plaintiff is a former inmate who was confined at the Metro-Davidson County Detention Facility ("Detention Facility") during 2012. The Detention Facility is operated by Corrections Corporation of America, Inc. ("CCA"), a private entity that has contracted with the Metropolitan Government of Nashville and Davidson County to operate the Detention Facility.[1]

On July 25, 2012,[2] the plaintiff filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 against Davidson County Sheriff Daron Hall and three Detention Facility employees: Officer Jimmy Hale, Program Director Terry Kinnaman, and Warden Blair Leibach. The plaintiff alleges that, on January 24, 2012, he was placed into the "Kilo Unit" in the Residential Drug Abuse Program ("RDAP"), which is a counseling and therapy program for inmates. He asserts that, despite his requests to go outside for recreation, he was denied outside recreation for seven weeks. The plaintiff further alleges that the inmates in the Kilo Unit spend an hour in group each morning and another hour in group in the evening, but the rest of the time they are required to be in their cells seated on their bunks and are not allowed to even stand at the doorways of their cells. See Complaint (Docket Entry No. 1), at 6.

The plaintiff claims that these conditions of confinement violated his Eighth Amendment rights. He asserts that Defendants Leibach, Hale, and Kinnaman are liable because they implemented or condoned a policy denying prisoners outside recreation opportunities. The plaintiff names Defendant Hall but makes no specific factual allegations against him. The plaintiff seeks monetary

---

[1] The plaintiff was released from the CCA Detention Facility in March of 2013. See Docket Entry No. 55.

[2] The Complaint was signed by the Plaintiff on June 9, 2012, but mailed to the Court on or about July 24, 2012. See Complaint (Docket Entry No. 1), at 9, and Docket Entry No. 1-2.

damages from each defendant and injunctive relief in the form of a review of the outdoor recreation policy for inmates on the Kilo unit. Attached to the Complaint are copies of Informal Resolution and Grievance forms the plaintiff filed during March 2012, about not receiving outdoor recreation. See Docket Entry No. 1-1.

The four individual defendants filed a joint answer (Docket Entry No. 27) to the Complaint, and a scheduling order (Docket Entry No. 28) was entered setting out deadlines for pretrial activity in the action. By Order entered January 3, 2013 (Docket Entry No. 33), the Court granted the plaintiff's motion to amend (Docket Entry No. 31) to name CCA and Samantha Waters as defendants to the action based on allegations that both were "willing participants to the intentional deprivation of outside recreation." See Docket Entry No. 31, at 1. In lieu of an answer, CCA filed the pending dispositive motion, along with the individual defendants. Process was attempted on Waters but was never executed.[3]

The Defendants raise several grounds for dismissal of the Plaintiff's action: 1) the plaintiff's contentions are factually inaccurate; 2) the plaintiff failed to exhaust administrative remedies regarding his claim that the Defendants forced him to remain in his cell on his bed for all but two hours every day; 3) the plaintiff did not suffer any physical injury; 4) the Defendants cannot be deemed liable under a theory of respondeat superior theory; 5) the plaintiff's allegations do not give rise to a constitutional violation; and 5) Defendants Hale and Hall are entitled to qualified immunity. In support of their motion, the Defendants submit the affidavits of Jimmy Hale (Docket Entry No. 40), Daron Hall (Docket Entry No. 41), Blair Leibach (Docket Entry No. 42), Terry Kinnaman (Docket

---

[3] By Order entered February 19, 2013 (Docket Entry No. 49), the plaintiff was advised that process for Waters was returned unexecuted on February 1, 2013, and that she would be subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure if she were not served within 120 days of the January 3, 2013, Order.

Entry No. 43), and Tracie Matthews (Docket Entry No. 44), and copies of the plaintiff's RDAP Weekly Progress Notes (Docket Entry No. 46).

On February 15, 2013, the plaintiff filed a motion to amend (Docket Entry No. 48), which included factual assertions and arguments concerning his claims. Attached to the plaintiff's motion are copies of the prison grievance and informal resolution forms (Docket Entry No. 44-2) that the Defendants filed in support of their motion for summary judgment. By Order entered February 27, 2013 (Docket Entry No. 52), the Court denied the motion to the extent that the plaintiff sought to amend the complaint and advised the plaintiff that any supporting evidence he wished to provide the Court should be filed as part of a response to the motion for summary judgment. However, the plaintiff has not filed a direct response in opposition to the motion for summary judgment.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must

4

view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## III. ANALYSIS

The plaintiff's claim regarding being forced to sit on his bed in his cell has not been properly exhausted. Additionally, although the plaintiff's allegations were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d), see Memorandum Opinion (Docket Entry No. 8), at 4, at this stage of the proceedings and when challenged upon a motion for summary judgment, there is insufficient evidence before the Court upon which a reasonable jury could find in favor of the Plaintiff on his claims that his Eighth Amendment rights were violated. Accordingly, the Court finds that summary judgment should be granted to the Defendants.

A. Cell Bed Claim

The Prison Litigation Reform Act ("PLRA") states that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). Although exhaustion is mandatory under the PLRA, the failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that must be pled and proven by the defendant. Jones v. Bock, 549 U.S. 199, 211-17, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the affirmative defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier v. Laurel Cnty., Ky., 636 F.3d 218 (6th Cir. 2011). To

establish that he has exhausted his administrative remedies, the plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

CCA Policy No. 14-5 provides an inmate grievance procedure at the Detention Facility. See Affidavit of Mathews (Docket Entry No. 44). The documents submitted by the Defendants show that the plaintiff was well aware of this procedure, having filed numerous Informal Resolutions, Grievances, and Grievance Appeals while at the Detention Facility. See Docket Entry No. 44-2. However, there is no evidence that the plaintiff ever filed a grievance about being forced to remain in his cell on his bed for all but two hours of every day. Id.

The plaintiff has not disputed the evidence set forth by the Defendants or otherwise shown that he pursued and exhausted a grievance about this claim. Accordingly, the Court finds that the Plaintiff has not shown his compliance with the PLRA on this claim and the claim warrants dismissal for this reason alone.

B. Merits of the Plaintiff's Claims

The plaintiff alleges that he was totally denied any opportunities for outdoor recreation for a period of seven weeks and that he was forced to remain on his bunk in his cell for all but two hours of every day. The Defendants have set forth evidence that the plaintiff was in Unit Kilo in the RDAP program for a period of nine weeks, from January 27, 2012, to March 30, 2012, and that outdoor recreation opportunities are provided to inmates in the RDAP program on five days out of the week, in addition to indoor recreation opportunities on two days and daily opportunities to engage in

7

activities outside their cells.  See Affidavit of Kinnaman (Docket Entry No. 43) and Docket Entry No. 46.  The Defendants acknowledge that inmates in the RDAP program must sometimes forego recreation opportunities if they are participating in RDAP counseling or therapy sessions and acknowledge that there are no records specifically showing days and times when the plaintiff had outdoor recreation.  Id.  However, the Defendants set forth evidence from the plaintiff's RDAP Weekly Group Progress Notes that the plaintiff engaged in several hours of time each week in "Health/Wellness (rec)," had regular visits with his family, and also received 36 hours of furlough time upon the death of his father.  See Docket Entry No. 43, at 2-4 and Docket Entry No. 46, at 2, 5, 8, 14, 17, and 23.  They also note that plaintiff stated in his grievance about the lack of outdoor recreation opportunities that he had received two outdoor recreation opportunities.  See Docket Entry No. 44-2, at 19.[4]

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by the Defendants, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact.  See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).  Although the plaintiff is proceeding pro se, his pro se status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial.  This is the threshold requirement

---

[4] The Defendants' evidence also shows that one of the complaints made by the plaintiff in an Informal Resolution was that he was not able to watch auto races "from start to finish" during the allotted television viewing time for inmates in his unit.  See Docket Entry No. 44-2, at 17.

for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The plaintiff has not set forth any actual evidence supporting his claims or rebutting the evidence presented by the Defendants. Even when the evidence before the Court is viewed in the light most favorable to the plaintiff, his claims warrant dismissal because there is simply no evidence showing that he was subjected to the type of severe conditions of confinement which are required to support an Eighth Amendment claim. Under the Eighth Amendment, prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).[5] The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), set forth a two-pronged framework for courts to use when deciding whether conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. First, the plaintiff must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Second, the plaintiff must establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The plaintiff fails to provide evidence supporting either prong of his claims. In order to satisfy the objective prong, "extreme deprivations are required," Hudson, 503 U.S. at 9, and only grave

---

[5] Although at the time of frivolity review it appeared that the plaintiff was a pre-trial detainee at the time of the events at issue, see Docket Entry No. 8, at 3, the plaintiff later clarified that he was also a convicted inmate at the time. See Docket Entry No. 13.

deprivations of the civilized measure of life's necessities violate the Cruel and Unusual Punishment Clause. Rhodes, supra; Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). The Eighth Amendment is not violated by prison conditions which are harsh. Rhodes, supra at 347. The plaintiff has not shown that he suffered an extreme or grave deprivation. Although he may have had to endure a short period of time when he did not have as much outdoor recreation as he subjectively wanted, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment," Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987), and conditions of confinement that are temporary in nature rarely rise to the level implicating constitutional concern. See Dellis v. Corrections Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001). Further, there is absolutely no evidence before the Court supporting the claim that the plaintiff was forced to remain on his bunk in his cell for all but two hours of the day. With respect to the subjective prong, the plaintiff has not set forth evidence showing that any limitations on outdoor recreation opportunities were the result of a defendant acting with a sufficiently culpable state of mind instead of being caused by the necessities of prison management.

Given the evidence which is before the Court, no reasonable jury could find that the plaintiff endured conditions of confinement that rose to the level of a constitutional violation. Because the Court finds that the Plaintiff has not shown compliance with the exhaustion requirement of the PLRA and because the Court finds that there is insufficient evidence to support a constitutional claim, it is unnecessary to address the Defendant's alternative arguments for dismissal of the action.

Defendant Waters was not served in this action and is subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure. Further, given that the Court finds that there is no evidence

supporting the plaintiff's underlying claim, the rationale for dismissal of the action on summary judgment with respect to the other five defendants applies equally to Defendant Waters.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 37) filed by Defendants Daron Hall, Jimmy Hale, Terry Kinnaman, Blair Leibach, and Corrections Corporation of America be GRANTED, that the claims against Defendant Samantha Waters be DISMISSED, and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        *[signature: Juliet Griffin]*
        JULIET GRIFFIN
        United States Magistrate Judge